**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001162
29-JAN-2016
08:09 AM**

NO. CAAP-14-0001162

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
STACEY N. NAKAMURA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTA-14-02792)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Stacey N. Nakamura appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, which was filed on August 26, 2014, in the District Court of the First Circuit, ʻEwa Division ("District Court").[1] The District Court convicted Nakamura of one count of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a)(1) (Supp. 2013);[2] and one count of Inattention to Driving, in violation of HRS § 291-12 (Supp. 2013).

On appeal, Nakamura argues that the District Court wrongly convicted her of OVUII (1) because the charge was fatally defective for failing to define the term "alcohol"; (2) after

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     Under the statute, "[a] person commits the offense of [OVUII] if the person operates or assumes actual physical control of a vehicle[ w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]"  Haw. Rev. Stat. § 291E-61(a)(1).

erroneously denying her motion for judgment of acquittal where there was insufficient evidence that she was (a) under the influence of "alcohol," as defined under HRS § 291E-1 (2007), and (b) under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty; and (3) and violated her constitutional right to testify by failing to engage her in a "true colloquy" as required by *Tachibana v. State*, 79 Hawai'i 226, 900 P.2d 1293 (1995), and thereby failing to ensure that her waiver of her right to testify was knowing, intelligent, and voluntary.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve Nakamura's points of error as follows, and affirm:

(1) The charge was not defective for failing to define "alcohol."

Plaintiff-Appellee State of Hawai'i sufficiently charged Nakamura with OVUII by alleging that she:

> did intentionally, knowingly or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway *while under the influence of alcohol* in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty, thereby committing the offense of [OVUII], in violation of Section 291E-61(a)(1) . . . .

(Emphasis added.) The State was not required to charge or prove that Nakamura consumed alcohol that was "potable" or not "denatured" because such proof is not an element of OVUII in violation of HRS § 291E-61(a)(1). *See* Haw. Rev. Stat. § 806-29 (1993) ("No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception . . . contained in the statute creating or defining the offense."); *State v. Turping*, 136 Hawai'i 333, 335-36, 361 P.3d 1236, 1238-39 (App. 2015) ("[T]he statutory exception for 'denatured or other alcohol that is considered not potable under the customs laws of the United States' . . . is a *defense to the OVUII offense* that the State was not required to allege . . . [, and t]he fact that the charge is made shall be considered as an allegation that no legal

excuse for the doing of the act existed in a particular case." (emphasis added) (quoting Haw. Rev. Stat. § 806-29)). Moreover, because Nakamura did not raise as a defense before the District Court that she consumed alcohol that was not potable or denatured, these arguments are waived on appeal. *See Asato v. Procurement Policy Bd.*, 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) (citing *State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003).

The State also was not required to charge or prove that Nakamura was not exempt from HRS § 291E-61 if she consumed non-distilled, fermented liquid because such matters are within "'the commonly understood meaning of the term "alcohol", especially in the context of an offense directed at prohibiting people from driving after consuming alcohol in an amount sufficient to impair their ability to drive.'" *State v. Tsujimura*, No. CAAP-14-0001302, slip op. at 6 (Hawai'i App. Jan. 27, 2016) (brackets omitted) (quoting *Turping*, 136 Hawai'i at 339, 361 P.3d at 1242). Nor is the statute defective for failing to require that such exemptions be charged. *See generally*, *Turping*, 136 Hawai'i at 335-39, 361 P.3d at 1238-42.

Accordingly, Nakamura's first point of error is without merit.

(2) There was substantial evidence that Nakamura was under the influence of alcohol.

"Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Id.* (quoting *Richie*, 88 Hawai'i at 33, 960 P.2d at 1241) (internal quotation marks and ellipsis omitted). The evidence in this case satisfies this standard.

Honolulu Police Department ("HPD") Officer Kevin Tanita, one of the officers who responded to the scene of the accident, testified that it appeared that Nakamura had been driving in the far right lane of the highway when she encountered a stalled car, which she swerved to avoid but "clipped," then spun two lanes over and was struck by an oncoming vehicle. Officer Tanita, who also conducted Nakamura's field sobriety

3

Officer Tanita, who also conducted Nakamura's field sobriety tests, further testified that when he spoke to Nakamura, she had the odor of alcohol on her breath; red, glassy eyes; and a flushed complexion. Another HPD Officer, Jeremy Reveira, also testified that he detected the odor of a "consumed alcoholic-type beverage" coming from Nakamura when he interviewed her at the scene.

Officer Tanita testified that while performing the Horizontal Gaze Nystagmus test, Nakamura showed a lack of smooth pursuit, meaning her eyes skipped as they tracked a stimulus moving in a horizontal line and then at a forty-five-degree angle, and her eyes involuntarily twitched when tracking the stimulus to a maximum deviation. Furthermore, Nakamura lost her balance and stepped off the line three times during the instructional phase of the Walk-and-Turn test. And in performing the walking stage, Nakamura missed heel-to-toe connections and miscounted in both directions, stepped off the line, and turned improperly. Finally, Officer Tanita recalled that Nakamura was unable to keep her foot elevated and maintain a steady balance, and she put her foot down and lost her balance, while performing the One-Leg Stand test.

Taken in the light most favorable to the prosecution, see State v. Maldonado, 108 Hawai'i 436, 442, 121 P.3d 901, 907 (2005) (quoting Richie, 88 Hawai'i at 33, 960 P.2d at 1241), these facts constitute substantial evidence to show that Nakamura was under the influence of alcohol. See e.g., State v. Vliet, 91 Hawai'i 288, 293, 983 P.2d 189, 194 (1999); State v. Ferrer, 95 Hawai'i 409, 431, 23 P.3d 744, 766 (App. 2001); State v. Mitchell, 94 Hawai'i 388, 399, 15 P.3d 314, 325 (App. 2000).

(3)   Substantial evidence showed that Nakamura had consumed alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty.

"When a conviction is challenged based on the sufficiency of the evidence, the test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Griffin, 126 Hawai'i at 56, 266 P.3d at 464 (quoting

*Richie*, 88 Hawai'i at 33, 960 P.2d at 1241) (internal quotation marks omitted). As discussed, Officer Tanita's trial testimony established that Nakamura had been driving in the far right lane when she encountered a stalled car, which she swerved to avoid but "clipped," then spun two lanes over and was struck by an oncoming vehicle. The District Court found that because the accident occurred under regular nighttime or early-morning circumstances, Nakamura should have been able to avoid the stalled car without incident. And because she did not avoid it and was under the influence of alcohol, the District court held that the State sufficiently proved the elements of OVUII. We agree.

Given the prerogative of the finder of fact to determine the credibility of the witnesses and the weight of the evidence, *Mitchell*, 94 Hawai'i at 393, 15 P.3d at 319 (citing *State v. Gabrillo*, 10 Haw. App. 448, 457, 877 P.2d 891, 895 (1994)), and to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence, *State v. Eastman*, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996) (citing *State v. Pone*, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)), there was substantial evidence that Nakamura had consumed alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty.

> (4) Nakamura's waiver of her right to testify was knowing, intelligent, and voluntary.

"[I]n order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." *Tachibana*, 79 Hawai'i at 236, 900 P.2d at 1303 (footnote omitted). Waiver of the right to testify requires a discussion between the court and the defendant at the beginning and again toward the end of trial. Prior to trial, the court must "(1) inform the defendant of his or her personal right to testify or not to testify and (2) alert the defendant that, if he or she has not testified by the end of trial, the court will briefly question him or her to ensure that the decision not to

testify is the defendant's own decision." *State v. Lewis*, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000) (quoting *Tachibana*, 79 Hawai'i at 237 n.9, 900 P.2d at 1304 n.9). Furthermore, during the pretrial advisement, the trial court must also advise the defendant that his or her decision to exercise the right not to testify may not be used by the fact-finder to decide the case. *State v. Monteil*, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014).

Citing *State v. Han*, 130 Hawai'i 83, 90, 306 P.3d 128, 136 (2013), Nakamura appears to contend that the toward-the-end-of-trial colloquy was, taken on its own, insufficient to satisfy *Tachibana*. Nothing in *Han*, however, supports the proposition that the trial court's toward-the-end-of-trial colloquy be evaluated without regard to its pretrial colloquy. Here, the District Court firmly established that Nakamura understood her rights to testify and not to testify, that any decision not to testify would not be held against her, that she had consulted with her attorney on the question, and that she did not wish to testify. As such, the District Court provided Nakamura with all of the required advisements and engaged her in a "true" colloquy with regard to her right to testify. *Tachibana*, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on August 26, 2014, in the District Court of the First Circuit, 'Ewa Division, is affirmed.

DATED: Honolulu, Hawai'i, January 29, 2015.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge